# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AMALIA CRINA KLINE,      :      Civil No. 3:19-cv-1300

         Plaintiff      :      (Judge Mariani)

     :

         v.      :

     :

SCI - DOC MUNCY,      :

     :

         Defendant      :

**FILED
SCRANTON**

SEP 2 5 2019

PER _____

DEPUTY CLERK

## MEMORANDUM

Plaintiff Amalia Crina Kline ("Plaintiff"), an inmate confined at the State Correctional

Institution, Muncy, Pennsylvania ("SCI-Muncy"), initiated the instant action pursuant to 42

U.S.C. § 1983. (Doc. 1). At the same time she filed the complaint, Plaintiff filed a motion

for leave to proceed *in forma pauperis.* (Doc. 2). An initial screening of the complaint has

been conducted, and for the reasons set forth below, the motion to proceed *in forma*

*pauperis* will be granted, and the complaint will be dismissed.

## I.    Standards

### A.    Screening Provisions of the Prison Litigation Reform Act

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26,

1996) ("PLRA"), authorizes a district court to review a complaint in a civil action in which a

prisoner is proceeding *in forma pauperis* or seeks redress against a governmental

employee or entity. *See* 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2] The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

## B.    Federal Rules of Civil Procedure 8 and 20

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and direct." Rule 20(a)(2), states that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

---

[1]    Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal –
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2]    Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 at 371-72 (1986).

## II.    Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state

3

law." *West v. Atkins*, 487 U.S. 42, 48 (1988). *See also Barna v. City of Perth Amboy*, 42 F.3d 809, 815 (3d Cir. 1994).

In the instant action, the sole named Defendant is SCI-Muncy. Section 1983 creates a cause of action against every "person" who, under color of state law, deprives an individual of a right secured by the Constitution or federal statute. *See* 42 U.S.C. § 1983. It is well-settled that a prison or correctional facility is not a "person" within the meaning of § 1983. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973); *Adams v. Hunsberger*, 262 F. App'x 478, 481 (3d Cir. 2008) (finding that the inmate's claims against the Pennsylvania Department of Corrections were barred, as it is not a "person" within the meaning of 42 U.S.C. § 1983). Accordingly, SCI-Muncy is not a "person" and is not a suitable entity for a § 1983 claim.

Furthermore, Plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20. Plaintiff sets forth a number of purported constitutional violations concerning the violation of her parole, medical issues, physical altercations, and the assault of her cellmate, which allegedly occurred between the dates of February 2011 and March 2018. (Doc. 1, pp. 4-8). She alleges that these purported violations occurred at various locales, such as her home in South Carolina, the Miami Dade County Jail, and SCI-Muncy. (*Id.*). Plaintiff's claims include a number of unrelated, separate transactions and occurrences, or series of transactions and occurrences, and do not involve a common issue of law or fact. It is clear

4

that Plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20.

The PLRA, which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA. Thus, to the extent that Plaintiff believes that she has been subjected to more than one violation of her rights, and to the extent that these violations are unrelated to each other, Plaintiff should file separate complaints addressing each violation.

## III. Leave to Amend

The Court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89 (2007). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Based upon the nature of the allegations, and Plaintiff's failure to name a proper Defendant in this action, it is clear that affording Plaintiff leave to amend would be futile.

## IV.  Conclusion

For the foregoing reasons, the Court is confident that service of process is

unwarranted in this case, and the complaint will be dismissed.

A separate Order shall issue.

Dated: September 25, 2019

Robert D. Mariani
United States District Judge